1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON STREETS, | Case No. 20-cv-07901-EJD |
| Plaintiff, | **ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT** |
| v. | |
| SPACE SYSTEMS/LORAL, LLC, et al., | Re: Dkt. No. 14 |
| Defendants. | |

On August 21, 2020, Plaintiff Simon Streets ("Streets") filed suit against Defendants Space Systems/Loral, LLC ("SSL") and Maxar Technologies Holdings Inc. ("Maxar") (collectively "Defendants") in the Superior Court of Santa Clara County, California. Notice of Removal, Ex. A ("Compl."), Dkt. No. 1. Streets alleges age and disability discrimination, retaliation, wrongful termination, failure to accommodate, negligence, and unlawful, unfair, and fraudulent business practices, in violation of California and federal law. On November 10, 2020, his complaint was removed to this Court. Notice of Removal, Dkt. No. 1. Before the Court is Defendants' motion to dismiss, to strike, and/or for a more definite statement. Defs.' Mot. to Dismiss, to Strike, and, Alternatively, For a More Definite Statement ("Mot."), Dkt. No. 14. Streets opposes the motion. Opp'n, Dkt. No. 16. Defendants filed a reply to Streets' opposition. Reply, Dkt. No. 17. Having considered the parties' papers, the record in this case, and the relevant legal authority, the Court orders as follows: Defendants' motion to dismiss is **GRANTED in part and DENIED in part**, Defendants' motion to strike is **DENIED**, and Defendants' motion for a more definite statement

United States District Court
Northern District of California

is **DENIED**.

## I.      BACKGROUND[1]

Streets, now over the age of fifty-five, began working for SSL and Maxar (Streets says they are his joint employers) as an Export Licensing Specialist in the Trade Compliance Export Group on January 30, 2006.  Compl. at 3.  Despite his qualifications and strong performance[2], he was denied multiple promotions, subject to harassment and discriminatory treatment, and eventually, on June 28, 2018, involuntarily terminated.  *Id.* at 3-6.

Streets largely makes general allegations of discriminatory treatment and harassment.  He provides a few examples of this conduct, mostly without providing exact or approximate dates of their occurrences.  Streets alleges that during his employment with Defendants, he requested, but was denied, work accommodations for his disability.  *Id.* at 3-5.  He also alleges that one of his supervisors, Heather Sroka, made inappropriate age-related comments and threatened to terminate his employment.  *Id.* at 3-4.

The first dated occurrence of discriminatory treatment Streets provides occurred around August or September of 2017.  *Id.* at 4.  Sometime between August 28, 2017 and September 15, 2017, while Streets was on medical leave due to his disability, SSL posted on the internet that his job was "available for hire."  *Id.*  On September 16, 2017, he returned to work and was reassigned to a different work group, and Jenner Balagot was temporarily hired to his former position on or about September 26, 2017.  *Id.*  In October and November of 2017, SSL again posted on the internet that Streets' former job (for which Jenner Balagot had been temporarily hired to fill) was now "available for hire."  *Id.*  On December 18, 2017, Streets was "allowed to return" to his prior work group and instructed to train Balagot.  *Id.*  On or about March 9, 2018, Streets informed his

---

[1] The Background is a summary of the allegations.

[2] *See id.* at 3-6 (Streets was often asked to train new employees, who he alleges then replaced him in his various positions.  He received the "largest raise" in his office group in March of 2018.  And David Lihani, Chief Trade Compliance Officer and Vice President of the Office for Trade Compliance, praised his work).

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT

work group that he would be taking medical leave for a total hip replacement in June of 2018, and that upon his return, he would need accommodations. *Id*. at 5. In May of 2018, Erin Sargent was hired as a temporary employee, and Streets was told to train her. *Id*. Streets took medical leave from June 13, 2018 to June 26, 2018. *Id*. On June 28, 2018, two days after his return to work, Streets was informed of his termination, effective that day. *Id*.

On November 13, 2018, Streets filed his first administrative charge, with the Equal Employment Opportunity Commission ("EEOC"), against SSL. *Id*.

On March 11, 2019, SSL posted Streets' former job on its "job board." *Id*. Streets applied for the position and asked if he could meet with Mr. Lihani about the position. *Id*. "On or about March 15, 2019, SSL took down the job posting from their website," and Streets did not hear back from SSL or Mr. Lihani. *Id*. Ms. Sargent was "hired to" Streets' former position (for which he applied for rehire) after her temporary contract ended. *Id*. On May 22, 2020, Streets filed his second administrative charge with California's Department of Fair Employment and Housing ("DFEH") and received a right-to-sue letter the same day. *Id*. at 3.

Based on the foregoing, Streets alleges claims for (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. §§ 621, *et seq*.) and California's Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code §§ 12940, *et seq*.); (2) retaliation in violation of FEHA; (3) wrongful termination in violation of public policy; (4) disability discrimination in violation of FEHA; (5) failure to accommodate in violation of FEHA; (6) unlawful, unfair, and fraudulent business practices in violation of the California's Unfair Competition Law ("UCL") (§§ 17200, *et seq*., and 17203, *et seq*., of the Business and Professions Code); and (7) negligence. *Id*. at 6-14.

## II.    LEGAL STANDARD

A party may seek dismissal of a suit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191,

United States District Court
Northern District of California

1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and may be dismissed if it fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Factual allegations that are "merely consistent with" a defendant's liability fall short of the plausibility required for relief. *Id.* (citation omitted).

When evaluating a motion brought under Rule 12(b)(6), a court must consider the allegations in the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Emps.' Ret. Sys. V. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court "may look beyond the plaintiff's complaint to matters of public record" without converting the motion to dismiss into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

"Dismissal is proper only where there is no cognizable legal theory or [where there is] an absence of sufficient facts alleged to support a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), *second am. opinion filed* May 11, 1990). "On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler-Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Additionally, mere "conclusory allegations of

United States District Court
Northern District of California

**CASE NO.: 20-CV-07901-EJD**
**ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

4

law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  And a court need not accept as true any allegations contradicted by judicially noticeable facts.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  If dismissal is granted, the plaintiff should be afforded leave to amend unless it is clear that the complaint "could not be saved by any amendment." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 541 (9th Cir. 1984).

## III.    DISCUSSION

As a preliminary matter, Defendants request judicial notice of five documents—the administrative charges Streets filed with the DFEH and EEOC and the resulting right to sue notices.  Request for Judicial Notice ("RJN"), Dkt. No. 15.  Streets opposes the request.  Opp'n at 20.  He claims he was not served with the request, and further that the request was not filed with the Court. *Id.*

Streets' opposition is without merit.  The docket indicates that the request for judicial notice was properly filed with the Court and was electronically mailed to Streets' counsel, Cary S. Kletter and Madison Nguyen, on November 17, 2020 at 4:40 PST. *See* ECF 15.  As records of federal and state agencies, the administrative charges and resulting right to sue notices are appropriate subjects of judicial notice. *U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and reports of administrative bodies") (citation and internal quotation marks omitted).  The Court will take judicial notice of "only the existence of the administrative proceedings and the agency's findings and does not credit the truth of any fact recounted or matter asserted in the documents." *Lacayo v. Donahue*, 2015 U.S. Dist. LEXIS 26621, at *9, 2015 WL 993448, at *10 (N.D. Cal. Mar. 3, 2015) (citing *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1070 (N.D. Cal. 2010) (taking judicial notice of a complaint but not "of the substance of that [document] for the truth of any matter asserted" therein)).[3]

---

[3] Defendants are also correct that three of the five documents can be judicially noticed under the

**CASE NO.: 20-CV-07901-EJD**
**ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

United States District Court
Northern District of California

Defendants move to dismiss with prejudice and/or strike Streets' first through fifth and seventh claims, asserting that Streets failed to exhaust administrative remedies and/or because these claims are time-barred under the applicable statute of limitations. Defendants move to dismiss with prejudice Streets' second through fourth, sixth, and seventh claims for failure to state a claim upon which relief can be granted. Further, Defendants move to strike Streets' request for restitution and injunctive relief from his Prayer for Relief pursuant to Federal Rule of Civil Procedure 12(b) and (f). In the alternative, Defendants ask the Court to order a more definite statement. The Court discusses each of Defendants' arguments below.

### A.    Claim 1: Age Discrimination in Violation of the ADEA and FEHA

Streets' age discrimination claim is based on two statutes, the ADEA and FEHA, and three events: (1) the failure to promote him in April 2018; (2) his termination in June of 2018; and (3) the failure to rehire him in March 2019.

In order to bring a civil action alleging violations of the ADEA and FEHA, a plaintiff must first exhaust administrative remedies by timely filing a claim with the appropriate government agency, after which the plaintiff receives a right-to-sue letter and can file suit by the applicable deadline. *See* 29 U.S.C. § 626(d); Cal. Gov't Code § 12965(b).

Prior to January 1, 2020, a plaintiff had one year from the date of an alleged violation to file a charge with the DFEH. Cal. Gov't Code § 12960(d) (West 2018); *see Harris v. City of Fresno*, 625 F. Supp. 2d 983, 1012 (E.D. Cal. 2009) (under FEHA, a DFEH complaint must be filed within one year after the violation occurred). As of January 1, 2020, the time to file a charge with the DFEH for an alleged FEHA violation was extended to three years. Cal. Gov't Code § 12960. However, this change did not (and should not be interpreted to) revive lapsed claims.

---

incorporation by reference doctrine. Under the incorporation by reference doctrine, courts may take judicial notice of documents not filed with the complaint if the authenticity of the materials is not disputed and the complaint "necessarily relies" on the documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). In his complaint, Streets references three of the five documents of which Defendants seek judicial notice, presumably to allege timely exhaustion of administrative remedies. Because Streets implicitly relies on these documents, the Court may take judicial notice of the documents under the incorporation by reference doctrine.

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT

1    2018 Cal AB 9.

2        A charge of ADEA age discrimination must be filed with the EEOC within 180 days after

3    the alleged violation, or 300 days after the alleged violation if the charge is filed with the DFEH.

4    29 U.S.C. § 626(d).

5        "Where federal and state law overlap, there is a work-sharing agreement under which

6    employment discrimination charges may be filed either with the federal [EEOC] or the state anti-

7    discrimination agency, which in California is the [DFEH]." *Gamble v. Kaiser Found. Health*

8    *Plan, Inc.*, 348 F. Supp. 3d 1003, 1013 (N.D. Cal. 2018) (citation omitted). And "[c]harges filed

9    with either the EEOC or the DFEH are deemed filed with both agencies." *Id.*

10       The statute of limitations to *file a lawsuit* alleging unlawful employment practices in

11   violation of FEHA and/or ADEA is the later of two dates: one year from the date DFEH issues a

12   right to sue notice, or ninety days from the receipt of a right to sue letter from the EEOC. Cal.

13   Gov't Code § 12965(b), (d)(2); 29 U.S.C. § 626; *Hall v. Goodwill Indus. of S. Cal.*, 193 Cal. App.

14   4th 718, 730, 123 Cal. Rptr. 3d 274, 283 (2011) ("FEHA's one-year limitations period began to

15   run as of the date of the right-to-sue notice issued to [plaintiff], December 24, 2004 . . . [and

16   plaintiff's] civil suit, filed December 30, 2005, was untimely"); *Payan v. Aramark Mgmt. Servs.*

17   *Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days

18   '[of] the date [they receive notice of the] EEOC['s] dismiss[al of a claim[',] then the action is

19   time-barred").

20               **1.    April 2018 Failure to Promote and June 2018 Termination**

21       The April 2018 failure to promote and June 2018 termination are the subject of Streets'

22   November 13, 2018 charge. RJN, Ex. A. Streets received a Right to Sue Notice from the DFEH

23   on November 15, 2018, which notified him that he was required to file suit under FEHA by the

24   later of (a) one year from his DFEH Right to Sue Notice or (b) 90 days after his EEOC Right to

25   Sue Notice. *See* RJN, Ex. B; *see also* Cal. Gov't Code § 12965(b), (d)(2). Streets received an

26   ADEA Right to Sue Notice from the EEOC on August 14, 2019, which notified him that he had

27

28   CASE NO.: 20-CV-07901-EJD
     ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE
     STATEMENT

United States District Court
Northern District of California

90 days to file suit under the ADEA, that is, until November 15, 2019. *Id.* at Ex. C; *see also*, 29 U.S.C. § 626(e). Streets filed suit on August 21, 2020, which was well after the November 15, 2019 statute of limitations expired.

Despite having failed to file suit by November 15, 2019, Streets contends that his suit is timely because his second charge establishes a "continuing violation" and because Emergency Rule 9 ("ER 9"), which was enacted by the Judicial Counsel of California, extended the time for filing suit. Cal. Rules of Court, Appendix I: Emergency Rules Related to COVID-19, Emergency Rule 9. Neither argument is persuasive. First, Streets' two charges do not establish a continuing violation, but instead allege multiple separate violations. Generally, failure to promote, termination, and post-termination/post-discharge conduct are each separate acts for the purposes of the continuing violation doctrine. *See Ortega v. Regents of the Univ. of Cal.*, 2012 U.S. Dist. LEXIS 169938, at *13, 2012 WL 5988638, at *4 (N.D. Cal. Nov. 29, 2012) (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 113-14 (2002)) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Discrete discriminatory acts include acts such as 'termination, failure to promote, denial of transfer, or refusal to hire'"); *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 66, 105 Cal. Rptr. 2d 652, 663-64 (2000) (citations omitted) (concluding that "a series of 'isolated employment decisions,'" such as decisions not to hire or promote a plaintiff, do not constitute continuing violations, as each decision "constitutes a separate and completed act by the defendant, which triggers a new [limitations period]").

Second, California's ER 9—which tolled the statute of limitations for state law claims from April 6, 2020 until either October 1, 2020 for statutes of limitations over 180 days, or August 3, 2020 for statutes of limitations less than or equal to 180 days—does not revive lapsed claims. Cal. Rules of Court, Appendix I: Emergency Rules Related to COVID-19, Emergency Rule 9. To the extent Streets' age discrimination claim is based on allegations contained in the first charge,

**CASE NO.: 20-CV-07901-EJD**
**ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

1    the claim had already lapsed prior to the enactment of ER 9.[4]

2          To the extent the age discrimination claim is predicated on the April 2018 failure to

3    promote and June 2018 termination, it is barred by the statute of limitations.

4          **2.      March 2019 Failure to Rehire Claim Under FEHA**

5          Streets alleges that in March 2019, Defendants failed to rehire him.  This allegation is

6    included in Streets' second charge, which was filed on May 22, 2020.  Under FEHA's former one-

7    year deadline imposed by section 12960, the charge would have been untimely.  However, the

8    three-year extension applies in this instance to preserve Streets' failure to rehire age discrimination

9    claim because the extension became effective before the claim would have otherwise lapsed under

10   the prior version of section 12960.

11         Accordingly, the FEHA age discrimination claim alleged in the second charge is timely.

12         **3.      March 2019 Failure to Rehire Claim Under the ADEA**

13         Defendants contend that Streets cannot assert a claim for age discrimination under the

14   ADEA because he failed to file his second charge with the EEOC.  This is incorrect.  Under

15   *Gamble,* Streets' timely charge with the DFEH is deemed timely filed with the EEOC.  *Gamble*,

16   348 F. Supp. 3d at 1013 ("Charges filed with either the EEOC or the DFEH are deemed filed with

17   both agencies").

18
     **4.      Age Discrimination Claim Against Maxar Based on Alleged Failure to
19            Promote and Termination**

20         Defendants contend Streets did not exhaust his administrative remedies against Defendant

21   Maxar because it was not named in the first charge.  This argument is moot because, as discussed

22   above, Streets failed to file suit by the November 15, 2019 deadline.

23

24

25

26   _____
     [4] It is not clear whether ER 9 would apply to the federal age discrimination claim, but in any
27   event, ER 9 does not revive lapsed claims.
     CASE NO.: 20-CV-07901-EJD
28   **ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE
     STATEMENT**

United States District Court
Northern District of California

1

2

**5.      Whether Streets States a Claim for Age Discrimination Based on March 2019 Failure to Rehire**

3

For the reasons discussed above, the only portion of Streets' age discrimination claim that

4

is potentially viable is the alleged failure to rehire in March 2019.  Defendants contend that the

5

complaint lacks sufficient allegations to plausibly support this portion of the age discrimination

6

claim.  Defendants argue Streets' allegations "fall far short of what is required to demonstrate age

7

discrimination," as he does not demonstrate that the alleged adverse actions were "motivated by

8

discriminatory animus because of his age," or that Sroka was involved in making "any of the

9

decisions at issue."  Mot. at 8-9.

10

The specific elements of a prima facie case of discrimination "may vary depending on the

11

particular facts" of each case.  *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355, 100 Cal. Rptr. 2d

12

352, 379, 8 P.3d 1089, 1113 (2000) (citations omitted).  To establish a prima facie case of age

13

discrimination under FEHA and the ADEA, a plaintiff must plead facts demonstrating (1) he was

14

at least forty years old, (2) he was performing his job satisfactorily, (3) he suffered an adverse

15

employment action, such as termination, demotion, or denial of an available job, and (4) under

16

FEHA, some other circumstance suggests discriminatory motive, or, under the ADEA, he was

17

either replaced by a substantially younger employee with equal or inferior qualifications, or

18

discharged under circumstances giving rise to an inference of age discrimination.  *Id.* (FEHA)

19

(citations omitted); *Young v. Buttigieg*, 2021 U.S. Dist. LEXIS 49442, at *18, 2021 WL 981305, at

20

*6 (N.D. Cal. Mar. 16, 2021) (ADEA) (citations omitted).  An inference of discrimination can be

21

established by "showing the employer had a continuing need for [the plaintiff employees'] skills

22

and services in that their various duties were still being performed . . . or by showing that others

23

not in [the plaintiff's] protected class were treated more favorably."  *Diaz v. Eagle Produce, Ltd.*,

24

521 F.3d 1201, 1207-08 (9th Cir. 2008) (quotation marks and citation omitted).

25

Here, Streets alleges that during the relevant time, he was over forty years old, and

26

Defendants failed to rehire him.  Compl. at 3, 5-6.  Thus, the first and third elements of a prima

27

28

**CASE NO.: 20-CV-07901-EJD**
**ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

10

United States District Court
Northern District of California

facie case are satisfied.  Additionally, Streets has sufficiently pled facts demonstrating he had

performed his job at least satisfactorily, satisfying the second element.  Streets alleges he had

"performed satisfactorily for over 12 years," his performance was "solid" during his time working

for Defendants, and he was often asked to train new employees (who he alleges would eventually

take over his position).  *Id*. at 4-6, 8.  And in March of 2018, he was given the "largest raise" in his

office group and Mr. Lihani "praised his work."  *Id*. at 5.  Streets also satisfies the final element

(under FEHA and the ADEA) of a prima facie case.  He alleges that after he applied to be rehired

to his former position and Defendants refused to rehire him, Defendants gave his former position

to Ms. Sargent, who was in her mid-twenties, and who Streets had previously trained.  *Id*. at 5-6.

Accordingly, Streets has alleged a cognizable claim for age discrimination based on the alleged

March 2019 failure to rehire.

### B.    Claim 2: FEHA Retaliation

Streets alleges that after he complained to HR about discriminatory treatment, Defendants

retaliated against him, in violation of FEHA, by (1) terminating him on June 28, 2018 and (2)

refusing to rehire him in April of 2019.  Compl. ¶¶ 64-70.  Defendants contend that each of these

theories fails as a matter of law for three reasons: the claim has not been fully exhausted as to the

retaliatory termination allegation; the claim is time-barred by the statute of limitations as to the

failure to rehire allegation; and the complaint lacks sufficient facts to state a cognizable retaliation

claim.

### 1.    Failure to Exhaust Retaliatory Termination Claim

"To exhaust his or her administrative remedies as to a particular act made unlawful by

[FEHA], the claimant must specify *that* act in the administrative complaint, even if the complaint

does specify other cognizable wrongful acts."  *Okoli v. Lockheed Tech. Operations Co.*, 36 Cal.

App. 4th 1607, 1613, 43 Cal. Rptr. 2d 57, 61 (1995) (citation omitted).  "The scope of the written

administrative charge defines the permissible scope of the subsequent civil action" and

"[a]llegations in the civil complaint that fall outside of the scope of the administrative charge are

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE
STATEMENT

United States District Court
Northern District of California

barred for failure to exhaust." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) (citations omitted). To be exhausted, the allegations in the complaint must be "like or reasonably related" to the allegations in the administrative charge(s). *Id.* And "[a] plaintiff does not sufficiently exhaust administrative remedies by merely mentioning the word 'discrimination' in his or her [] administrative charge." *Emmons v. First Student, Inc.*, No. 19-cv-02964-SI, 2020 U.S. Dist. LEXIS 92508, at *9, 2020 WL 2747778, at *3 (N.D. Cal. May 27, 2020) (internal citation and quotation marks omitted).

The first administrative charge makes no mention of retaliatory termination, and therefore this charge fails to satisfy the exhaustion requirement. *Okoli*, 36 Cal. App. 4th at 1613. The second administrative charge mentions termination, however the focus of that charge is on the alleged April 2019 failure to rehire, not the alleged June 2018 termination. Streets only briefly mentions his termination as background for the failure to rehire claim, with a parenthetical stating he believed his employment was terminated due to his age. RJN, Ex. D at ECF pg. 20 ("Complainant alleges that on or about April 1, 2019, respondent took the following adverse actions: [he] was discriminated against because of [his] disability (physical or mental) [and] age (40 and over)" and "as a result of the discrimination was denied [re-]hire or promotion. [He] experienced retaliation because [he] reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was denied hire or promotion"); *id.* at 21 ("Additional Complaint Details: Mr. Streets was denied rehire in April 2019. He was terminated in June 2018, allegedly as a result of a WARN Act reduction in force. (It was really due to his age.) He then filed an age discrimination claim with the EEOC in November 2018"). Therefore, the second charge also fails to satisfy the exhaustion requirement as to Streets' retaliatory termination claim. *Okoli*, 36 Cal. App. 4th at 1613.

Even if the second charge had included retaliatory termination allegations, that charge was untimely. As stated above, prior to January 1, 2020, an employee was required to file a charge with the DFEH within one year after the alleged violation took place. Cal. Gov't Code § 12960(d)

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT

12

1   (West 2018).  Streets' employment was terminated on June 28, 2018, and he therefore had until

2   June 28, 2019 to file his charge for retaliatory termination.  He failed to do so.  And because the

3   time within which to file a charge lapsed before the January 1, 2020 amendment, Streets does not

4   benefit from the three-year extension.  Cal. Gov't Code § 12960; 2018 Cal AB 9.  Therefore,

5   Streets cannot proceed with his retaliatory termination claim.

### 2.   Retaliatory Failure to Rehire

7   Streets' second administrative charge includes an allegation of retaliatory failure to rehire.

8   Defendants argue Streets failed to timely file his retaliatory failure to rehire charge, as he did not

9   file his second administrative charge within FEHA's one-year statute of limitations.  Mot. at 10;

10   Reply at 7.  However, because his charge did not lapse before the January 1, 2020 amendment,

11   Streets had three years from the date of the alleged failure to rehire to file his charge.  Cal. Gov't

12   Code § 12960; 2018 Cal AB 9.  Streets' second charge was filed within three years of the alleged

13   failure to rehire, and is therefore timely.  Cal. Govt. Code § 12960.  Therefore, the retaliatory

14   failure to rehire claim is not time-barred.

### 3.   Failure to State a Claim for Retaliatory Failure to Rehire in Violation of FEHA

17   Defendants assert Streets has not alleged sufficient facts to show his alleged protected

18   activity was a "substantial motivating reason for the alleged retaliation," as Streets has not alleged

19   any facts demonstrating that the people making the adverse employment decisions had a

20   retaliatory motive, and there is no "temporal proximity between the alleged protected activity and

21   alleged retaliatory conduct."  Mot. at 10-11.

22   "[T]o establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1)

23   he or she engaged in a 'protected activity[',] (2) the employer subjected the employee to an

24   adverse employment action, and (3) a causal link existed between the protected activity and the

25   employer's action."  *Zarco v. VWR Int'l, LLC*, 2021 U.S. Dist. LEXIS 91833, at *17, 2021 WL

26   1927528, at *6 (N.D. Cal. May 13, 2021) (quoting *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th

United States District Court
Northern District of California

1028, 1042, 32 Cal. Rptr. 3d 436, 444, 116 P.3d 1123, 1130 (2005)).  Streets has satisfactorily

alleged the first two elements.  In his complaint, Streets alleges that, "after [he] filed an EEOC

complaint in November of 2018, SSL subjected [him] to an adverse employment action, by failing

to interview or [re]hire [him] in March of 2019, when he applied for his former position, in which

[he had] performed satisfactorily for over 12 years[,] constituted retaliation in violation of FEHA."

Compl. at 8.  His second charge further states he "was denied rehire in April 2019" after his

previous job was "reposted on Defendants' website in March 2019, and he applied for the

position."  RJN, Ex. D at ECF pg. 15.  He thus alleges he engaged in a "protected activity" when

he filed his second charge with the EEOC, and that Defendants subsequently subjected him to an

adverse employment action when they failed to rehire him between four and five months later.

*See McCoy v. Pac. Mar. Assn.,* 216 Cal. App. 4th 283, 299, 156 Cal. Rptr. 3d 851, 865-66 (2013)

(FEHA protects against "ultimate employment actions such as termination") (quotation marks and

citation omitted); *Fang-Yuh Hsieh v. Peake*, 2008 U.S. Dist. LEXIS 23649, at *41, 2008 WL

783370, at *15 (N.D. Cal. Mar. 25, 2008) (failure to rehire is a "discrete act of discrimination" and

therefore an adverse employment action, however that claim was time-barred).

　　　　　Still, a "causal link" is also required.  A causal link can be established through direct

evidence or "inferred from circumstantial evidence, such as the employer's knowledge that the

plaintiff engaged in protected activities and the proximity in time between the protected action and

the allegedly retaliatory employment decision."  *Yartzoff v. Thomas*, 809 F.2d 1371, 1375 (9th Cir.

1987); *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 802 (9th Cir. 2003).  The "causal link between

a protected activity and the alleged retaliatory action 'can be inferred from timing alone' [only]

when there is a close proximity between the two."  *Thomas v. City of Beaverton*, 379 F.3d 802,

812 (9th Cir. 2004).  "[I]n order to support an inference of retaliatory motive, [a] termination must

have occurred fairly soon after the employee's protected expression," as the "adverse employment

action [must] follow[] on the heels of protected activity."  *Villiarimo v. Aloha Island Air*, 281 F.3d

1054, 1065 (9th Cir. 2002).

Here, there is a four-to-five month gap between the protected activity and the alleged retaliation, which is insufficient, without more, to give rise to a plausible inference of causation. *Serlin v. Alexander Dawson Sch., LLC*, 656 F. App'x 853, 856 (9th Cir. 2016) (the "mere fact that [plaintiff] made her complaint three months prior to [defendant's] decision not to renew her contract is insufficient evidence of causation in this case"); *Hollowell v. Kaiser Found. Health Plan of the Nw.*, 705 F. App'x 501, 504 (9th Cir. 2017) ("Hollowell's reliance on temporal proximity to show causation fails because one of the adverse actions [he] alleges was the next step in a continuing course of action [] began before he filed the internal complaint, and the others occurred four or more months after the filing of the internal complaint") (citing *Villiarimo*, 281 F.3d at 1065). No other facts are alleged to show a connection between the protected activity and the alleged failure to rehire. His conclusory allegation that the "subsequent" failure to rehire was unlawful retaliation for his earlier protected activity is not enough. *See, e.g., Knox v. Donahoe*, 2012 U.S. Dist. LEXIS 37719, at *27, 2012 WL 949030, at *9 (N.D. Cal. Mar. 20, 2012) ("The mere fact that the [adverse actions] took place after [plaintiff's protected activity] is not sufficient by itself to give rise to an inference of a causal link"). Accordingly, Streets' complaint lacks sufficient facts to plead a cognizable retaliatory failure to rehire claim.

### C.      Claim 3: Wrongful Termination in Violation of Public Policy

Streets alleges Defendants wrongfully terminated his employment on June 28, 2018, in violation of public policy, after he complained to HR in 2017, requested accommodations in March of 2018, and took a medically-necessary leave of absence in June 2018. Compl. ¶¶ 20, 36, 40, 41, 77.

Defendants ask that the Court dismiss this claim because the "wrongful termination claim relies upon [Streets'] statutory discrimination and retaliation arguments, and those are all fundamentally flawed." Reply at 8-9 (citing *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1420, 159 Cal. Rptr. 3d 749, 763 (2013)).[5]

---

[5] In their opening brief, Defendants asserted a statute of limitations argument as well. That

**CASE NO.: 20-CV-07901-EJD**
**ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

When a plaintiff relies on "a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibitions. . . . In other words, the viability of [the] plaintiff's tort claim is tethered to the meaning of the FEHA." *Id.* at 8-9 (quoting *Acuna*, 217 Cal. App. 4th at 1420). Here, Streets' common-law tort claim for wrongful discharge in violation of public policy is predicated on his claims of age discrimination and retaliation. For the reasons already discussed previously, Streets has alleged a legally cognizable claim for age discrimination claim based on the alleged failure to hire.

However, the cause of action for wrongful termination in violation of public policy "is defined primarily as a limitation imposed by law on the employer's power of dismissal, [and so] *dismissal* on improper grounds is a breach of duty." *Romano v. Rockwell Internat., Inc.*, 14 Cal. 4th 479, 501, 59 Cal. Rptr. 2d 20, 33, 926 P.2d 1114, 1128 (1996). A wrongful termination in violation of public policy claim requires Streets to show that he was *terminated* from his employment in violation of public policy, not that Defendants failed to re-hire him. *Yau v. Allen*, 229 Cal. App. 4th 144, 154, 176 Cal. Rptr. 3d 824, 831 (2014) ("The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm"). Streets has not alleged a viable termination-related claim. Therefore, the third claim for wrongful termination is subject to dismissal.

### D.    Claim 4: Disability Discrimination in Violation of FEHA

Streets claims Defendants also discriminated against him due to his disability, in violation of FEHA, when they terminated his employment. Compl. ¶ 83. Defendants move to dismiss this claim, arguing that the claim has not been administratively exhausted and it is barred under the applicable statute of limitations. Mot. at 11. Defendants argue Streets failed to exhaust his

argument has been withdrawn. *See* Reply at 8.

disability discrimination claim under FEHA because his first charge—alleging age discrimination—did not allege disability discrimination, and his disability discrimination claim is not "like or reasonably related" to his age discrimination claim. *Id.* Streets asserts he exhausted his disability discrimination claim when he filed his second administrative charge on May 22, 2020. Streets also contends that Defendants' alleged discriminatory acts constitute a continuing violation. Opp'n at 11-12.

The Court finds that the disability discrimination claim has not been exhausted. The first administrative charge does not include any allegations of disability discrimination. RJN, Ex. A. The second administrative charge includes a claim for disability discrimination, but that claim is tied to the alleged failure to rehire, not to the alleged termination. RJN, Ex. D. As Defendants correctly assert, allegations of discriminatory acts included in the complaint must be "like or reasonably related" to the allegations in the administrative charge(s). *Rodriguez*, 265 F.3d at 897 (citations omitted). Here, the allegations of disability discrimination in Streets' complaint are not "like or reasonably related" to the allegations set forth in either administrative charge. *See Leong v. Potter*, 347 F.3d 1117, 1121-22 (9th Cir. 2003) (plaintiff's discrimination claims based on race, color, religion, sex, national origin, and age were not like or reasonably related to his disability discrimination claim).

Because Streets failed to exhaust his administrative remedies, Streets may not pursue his claim for disability discrimination.

**E.     Claim 5: Failure to Accommodate Disability in Violation of FEHA**

Streets alleges Defendants failed to accommodate his disability during his employment and when they terminated his employment. Compl. at 10-11. Defendants contend that Streets failed to administratively exhaust this claim. Mot. at 12. Streets asserts he exhausted this claim when he filed his second administrative charge on May 22, 2020, as his reasonable accommodation claim is "like or reasonably related to" his disability discrimination claim. Opp'n at 12.

//

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT

17

United States District Court
Northern District of California

United States District Court
Northern District of California

1    As stated above, "[t]o exhaust his or her administrative remedies as to a particular act

2  made unlawful by [FEHA], the claimant must specify *that* act in the administrative complaint,

3  even if the complaint does specify other cognizable wrongful acts." *Okoli*, 36 Cal. App. 4th at

4  1613. And "[a]lthough a claim for failure to accommodate might surface when DFEH investigates

5  a discrimination claim based on that same disability," the facts must give rise to the likelihood of a

6  failure to accommodate claim. *Wills v. Superior Court*, 195 Cal. App. 4th 143, 157-58, 125 Cal.

7  Rptr. 3d 1, 14 (2011).

8    Failure to accommodate is not mentioned in either of Streets' two administrative charges.

9  At most, the second administrative charge mentions disability discrimination; however, that claim

10  is limited to the alleged failure to rehire. There are no facts alleged in this charge to suggest

11  Streets was denied accommodations for his disability. Thus, Streets failed to exhaust his

12  administrative remedies on his failure to accommodate claim. *See id.* (finding no failure to

13  accommodate—or an inference of such a claim—in an administrative charge alleging only

14  discrimination, when the agency's investigation would reveal that termination was for plaintiff's

15  misconduct and not on account of an inability to perform the work due to disability).

16

17    **F.    Claim 6: Unlawful, Unfair, and Fraudulent Business Practices in Violation of California's Unfair Competition Law ("UCL")**

18    Streets claims Defendants engaged in unlawful, unfair, and fraudulent business practices,

19  in violation of the UCL (§§ 17200, *et seq.*, and 17203, *et seq.*, of the Business and Professions

20  Code). Compl. at 12-13. Defendants move to dismiss Streets' claim, arguing Streets has no claim

21  for restitution or injunctive relief, and that he failed to state a claim upon which relief can be

22  granted. Mot. at 12-15.

23    **1.    Failure to State a Claim Upon Which Relief Can Be Granted**

24    The Court declines to address this issue at this stage because, as discussed below, there is

25  no basis for restitution and injunctive relief.

26

27  **CASE NO.: 20-CV-07901-EJD**

28  **ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT**

### 2.   No Claim for Restitution or Injunctive Relief Under the UCL

"[R]emedies for individuals under the UCL are restricted to injunctive relief and restitution." *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009) (quotations omitted).  Injunctive relief is available only when the alleged wrongful conduct is ongoing or likely to occur again.  *Nelson v. Pearson Ford Co.*, 186 Cal. App. 4th 983, 1015, 112 Cal. Rptr. 3d 607 (2010).  And to establish entitlement to restitution, "a plaintiff must demonstrate that the defendant[s are] in possession of money or property taken from [plaintiff]" or in which plaintiff has an ownership interest.  *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) (citations omitted).  If a plaintiff cannot establish entitlement to restitution or injunctive relief, their UCL claim should be dismissed.  *See Walker*, 558 F.3d at 1027 (citation omitted).

Streets has not alleged the type of injuries compensable by restitution.  Streets has made conclusory allegations that he has been denied compensation and "lost money or property." However, Streets has not alleged entitlement to recover *earned* wages as restitution. Compensation for loss of future/unearned wages is a claim for "monetary damages" and is not recoverable under the UCL.  *Voris v. Lampert*, 7 Cal. 5th 1141, 1154 n.9, 250 Cal. Rptr. 3d 779, 446 P.3d 284, 293 (2019), reh'g denied (Oct. 23, 2019) ("claims for compensation for work *already performed* qualify as claims for 'salaries [or] wages[,]' whereas claims for *unearned* compensation fall under the category of claims for 'monetary damages'") (emphasis in original); *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178, 96 Cal. Rptr. 2d 518, 528, 999 P.2d 706, 715 (2000) (holding that orders for payment of wages *unlawfully withheld* from an employee are a restitutionary remedy).

Regarding entitlement to injunctive relief, "an injunction may not issue unless the alleged misconduct is ongoing or likely to recur," as "[i]njunctive relief has no application to wrongs which have been completed" without "a showing that past violations will probably recur." *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 464-65, 30 Cal. Rptr. 3d 210, 228-29 (2005) (citations

United States District Court
Northern District of California

omitted).  To be entitled to injunctive relief, a plaintiff must demonstrate a threat of suffering an "injury in fact" that is "actual and imminent" because they will be subjected to the alleged illegal conduct again.  *Artiste v. Am. Int'l Grp.*, 2020 U.S. Dist. LEXIS 127892, at *13, 2020 WL 3213769, at *1 (C.D. Cal. Jan. 23, 2020).  However, Streets does not plead sufficient facts to demonstrate a concrete, non-speculative threat that he will be similarly injured in the future.

In sum, Streets has not sufficiently alleged facts to show he has a claim for restitution or injunctive relief.

## G.     Claim 7: Negligence

Finally, Streets argues Defendants negligently trained their managers (in how to respond to employee complaints regarding alleged age and disability discrimination, and on rights to reinstatement), and therefore, his "workplace rights were denied, he was wrongfully terminated[,] and he was not rehired."  Compl. at 13-14.  Streets points to Ms. Sroka and Mr. Lihana specifically as examples of this failure (to train managers "regarding workplace age and disability discrimination, FEHA, and the ADEA").  *Id.*  Defendants seek dismissal of Streets' negligence claim, arguing it is preempted by California's Workers' Compensation Law, barred by statutory exclusivity, and/or time-barred.

### 1.     Preemption

Workers' compensation is the exclusive remedy for injuries "arising out of and in the course of employment."  *Jones v. Los Angeles Cmty. Coll. Dist.*, 198 Cal. App. 3d 794, 804, 244 Cal. Rptr. 37 (1988).  However, "[n]either discrimination nor harassment is a normal incident of employment."  *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 288, 100 Cal. Rptr. 3d 296 (2009).  Thus, workers' compensation does not preempt claims based on discrimination.  This is true even when the plaintiff asserts a negligence theory of liability based on discriminatory acts.  *See Muniz v. UPS*, 731 F. Supp. 2d 961, 976 (N.D. Cal. 2010) (noting that the plaintiff's claim for negligent hiring, training, and supervision "rests on facts supporting her claim for general discrimination," and thus is not preempted by California's Workers' Compensation Act).

United States District Court
Northern District of California

United States District Court
Northern District of California

Here, Streets bases his negligent training claim on Defendants' failure to properly train managers to address and prevent discrimination and regarding post-leave reinstatement. Because the negligence claim rests on facts supporting Streets' discrimination claims, California's Workers' Compensation Law does not preempt the claim. *Id.*

### 2. Statutory Exclusivity

Defendants correctly state that, "[u]nder California law, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." Mot. at 15 (citations omitted). However, none of the three cases Defendants cite hold that a negligence claim is precluded by the statutory scheme. Instead, two hold that FEHA "expressly disclaims any intent to repeal other state laws relating to discrimination, legislative or otherwise," as "the right to freedom from invidious employment discrimination existed at common law, and because [] FEHA lacks the comprehensiveness necessary to infer a legislative intent to displace all preexisting or alternative remedies for employment discrimination." *Stevenson v. Super. Ct.*, 16 Cal. 4th 880, 900 (1997) (quoting *Rojo v. Kliger*, 52 Cal. 3d 65, 79-80 (1990)) (internal citations and quotation marks omitted).

The third case discusses the "detailed remedial scheme" of the California Labor Code, instead of the California Government Code in which FEHA resides, and that Court dismissed a conversion claim that was based on a claim for unpaid wages. *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 618-19 (N.D. Cal. May 29, 2007). Yet, at least one court has allowed a negligence claim to proceed alongside a claim for unpaid wages under the Labor Code. *See Draper v. Am. Diagnostic Med.*, 2009 U.S. Dist. LEXIS 147046, at *7, 2009 WL 10695735, at *3 (N.D. Cal. Nov. 13, 2009) ("[t]he claim does not seek the compensation owed to plaintiff[] but rather seeks a remedy for breach of the employer-employee duty of care," and the Court "declines to extend the new rights-exclusive remedy doctrine" to this negligence claim at this stage). Therefore, the Court rejects Defendants' statutory exclusivity argument at this stage.

### 3.    Time-Barred Negligence Claim

The statute of limitations for negligence claims is two years.  Cal. Code Civ. Proc. § 335.1. Defendants argue that because Streets' negligence claim is "based entirely on alleged conduct that occurred during his employment, which ended in June 2018," and Streets did not file suit until August 21, 2020, his negligence claim is time-barred.  Mot. at 16.  However, ER 9 tolled the statute of limitations for this claim until October 1, 2020.  Therefore, Streets timely filed his negligence claim.

### H.    Motion to Strike

Defendants ask that the Court strike all or part of the complaint for reasons also given in their motion to dismiss.  Rule 12(f), however, is not a vehicle to procure dismissal of all or a part of a complaint.  *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977).  The Court therefore denies Defendants' motion to strike.

### I.    Motion for a More Definite Statement

Defendants move for a more definite statement as to all of Streets' claims.  Mot. at 18. Defendants specifically request a more definite statement regarding Streets' discrimination, retaliation, and section 17200 claims, and ask that the Court "order a more definite statement from Plaintiff to address the above issues"—those being all the arguments Defendants made in favor of dismissing every cause of action in Streets' complaint.  *Id.*

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).

Here, Defendants provide no further illumination as to what allegations are so vague, ambiguous, or unintelligible that Defendants "cannot reasonably prepare a response." Additionally, it is apparent from Defendants' motion and reply that they understand the issues at hand, as Defendants have not only identified the legal theories at issue, but also identified where each can be found in the complaint.  *See* Mot. at 6-16.  Thus, Defendants are "on notice" regarding

United States District Court
Northern District of California

CASE NO.: 20-CV-07901-EJD
ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE STATEMENT

22

1   which claims have been brought against them and why. Therefore, the Court denies Defendants'

2   motion for a more definite statement.

3   **IV.     CONCLUSION**

4         For the foregoing reasons, Defendants' motion to dismiss is **GRANTED in part and**

5   **DENIED in part** as follows:

6   • As to the first claim for age discrimination under FEHA and the ADEA, the Court

7      **STRIKES** the allegations regarding the failure to promote him in April of 2018 and his

8      termination in June of 2018; Streets may only proceed with his age discrimination claim

9      based on Defendants' alleged failure to rehire him in March of 2019.

10  • As to the second claim for retaliation in violation of FEHA, the Court **GRANTS** the

11     motion to dismiss **WITH LEAVE TO AMEND** only the retaliatory failure to rehire

12     portion of the claim.

13  • As to the third claim for wrongful termination in violation of public policy, the Court

14     **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

15  • As to the fourth claim for disability discrimination in violation of FEHA, the Court

16     **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

17  • As to the fifth claim for failure to accommodate Streets' disability in violation of FEHA,

18     the Court **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

19  • As to the sixth claim, alleging unlawful, unfair, and fraudulent business practices in

20     violation of the UCL, the Court **GRANTS** Defendants' motion to dismiss **WITHOUT**

21     **LEAVE TO AMEND**.

22  • As to the seventh claim for negligence, the Court **DENIES** the motion to dismiss.

23     Additionally, Defendants' motion to strike and motion for a more definite statement

24  are **DENIED**.

25        Streets may file an amended complaint, curing the deficiencies described above, no later

26  than twenty-one (21) days from the date of this Order. He may not amend the claims partially or

27

28  **CASE NO.: 20-CV-07901-EJD**
    **ORDER RE: MOTION TO DISMISS, STRIKE, AND/OR FOR A MORE DEFINITE**
    **STATEMENT**

United States District Court
Northern District of California

1    fully dismissed, or add new claims or parties.

2              **IT IS SO ORDERED.**

3    Dated:  September 13, 2021

4                                                                    _____

5                                                                    EDWARD J. DAVILA
                                                                     United States District Judge